**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5068**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

SHONTONIO L. WITHERSPOON,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:08-cr-00844-PMD-1)

———————

Submitted:  September 11, 2012      Decided:  September 24, 2012

———————

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, P.A., Beaufort,
South Carolina, for Appellant.  Matthew J. Modica, Assistant
United States Attorney, Charleston, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shontonio L. Witherspoon appeals his conviction and 262-month sentence for possessing with intent to distribute cocaine base and for possessing a firearm as a convicted felon. Witherspoon's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could identify no meritorious issues for appeal, but questions whether the Government's chain of custody evidence sufficed to support the admission of two exhibits consisting of cocaine base that Witherspoon purportedly sold to an undercover agent.

Because Witherspoon did not object at trial to the admission of the exhibits, his present contentions warrant only plain error review. See United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). In our view, the Government's chain of custody evidence was amply sufficient to make a prima facie showing of the exhibits' authenticity. Because such a showing is all that is required for the exhibits' admission into evidence, we conclude that the district court committed no error warranting correction. See United States v. Summers, 666 F.3d 192, 201 (4th Cir. 2011).

Witherspoon has also exercised his right to file a pro se supplemental brief and contends that trial counsel was ineffective for failing to file a motion to suppress the drug

evidence on the basis that it was improperly commingled with drug evidence pertaining to an unrelated suspect. But our review of the record persuades us that it does not conclusively show that Witherspoon's trial counsel was ineffective in this respect. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006) (noting ineffective assistance claims may be addressed on direct appeal "only if the lawyer's ineffectiveness conclusively appears from the record"). Thus, in order to allow for the adequate development of the record, Witherspoon's claim should be properly brought, if at all, in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion rather than on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This Court requires that counsel inform Witherspoon, in writing, of the right to petition the Supreme Court of the United States for further review. If Witherspoon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Witherspoon. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED